UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD S. BYNUM and TONY E. BYNUM<br><br>    Defendants. | Civil Action No. 5:11-cv-62-FL<br><br><br><br>**ORDER** |

The above entitled cause having come before the Court upon the Motion filed by Morris, Russell, Eagle & Worley, PLLC, counsel for Plaintiff, The Prudential Insurance Company of America ("Prudential"), for Deposit, for Default Judgment against Defendant Tony Bynum, and for Summary Judgment and the Court having considered the application,

**IT IS** on this 21st day of September, 2011,

**ORDERED** that:

1. Prudential's Motion for Default Judgment against Defendant Tony Bynum is hereby GRANTED.

2. Within twenty-one (21) days of the date of this order, Prudential shall deposit with the Clerk of this Court the death benefit; to wit, $17,500.00, together with applicable claim interest, if any.

3. The Clerk shall deposit the death benefit as herein set forth into the Registry of this Court as soon as the business of his or her office allows, and the Clerk shall deposit these funds into an interest-bearing account.

4. The death benefit so invested in the interest-bearing account shall remain on deposit until further order of this Court.

5. The Clerk shall deduct a fee for handling of the funds, as authorized by the Judicial Conference of the United States and as set by the Director of the Administrative Office at or equal to ten percent (10%) of the income earned for deduction in the investment so held and without further order of the Court.

6. Upon the deposit of the death benefit with the Clerk of the Court, Summary Judgment is granted in favor of Prudential and Prudential shall be, and hereby is, discharged from any and all liability to Edward Bynum and Tony Bynum, relating to group life insurance policy number G-39900 issued by Prudential to Nortel Networks, Inc. ("Group Contract") and/or any death benefit payable thereunder as a consequence of the death of Annie Bynum ("Death Benefit"), and that Edward Bynum and Tony Bynum, be, and hereby are, permanently enjoined from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum, arising out of or in connection with Prudential relating to the Group Contract and/or the Death Benefit.

7. All claims, rights, interests and actions that Edward Bynum and Tony Bynum might otherwise have held against Prudential with respect to the Group Contract and/or the Death Benefit are hereby released.

8. Prudential be and hereby is dismissed with prejudice from this litigation.

9. This Court retains jurisdiction over Defendants, who are compelled to litigate, adjust and/or settle among each other their respective and lawful entitlement to the money to be

paid into the Court's registry by Prudential, or upon their failure to do so, this Court shall settle and adjust the claims and determine to whom the within total funds shall be paid.

      10.    Counsel for Prudential shall serve a copy of the within Order upon all parties within 7 days of its receipt.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
Chief United States District Judge