IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-62-FL

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| EDWARD S. BYNUM and TONY E. BYNUM, | ) ) ) |
| Defendants. | ) ) |

ORDER

This matter comes now before the court upon review of the docket where *pro* se defendant Edward Bynum's ("defendant Edward") motion for judgment on the pleadings (DE # 8) remains pending, to which *pro* se co-defendant Tony Bynum ("defendant Tony") has not responded. On November 8, 2011, defendant Tony filed document styled as an answer to complaint. For the following reasons, the court denies without prejudice defendant Edward's motion for judgment on the pleadings and construes defendant Tony's answer as a motion to stay the instant proceedings pending final judgment of conviction.

Plaintiff filed complaint in interpleader on February 11, 2011. Plaintiff issued a policy of group life insurance bearing policy number 6-39900 to which defendants were designated co-equal primary beneficiaries of any death benefit payable as a consequence of the insured's death. On October 2, 2008, the insured died and her death was ruled a homicide. (Compl. ¶ 9.) At the time of death, the insured was covered for benefits in the amount of $25,000.00. Plaintiff paid one-half

of this amount to defendant Edward. Upon plaintiff's information and belief, defendant Tony was criminally indicted for first degree murder in connection with the insured's death. Plaintiff sought court order directing defendants to interplead their rights to the death benefit.

On May 13, 2011, defendant Edward filed answer to complaint, noting that the instant action was filed prior to the completion of the sentencing of defendant Tony for the murder of the insured. Defendant Edward's answer further indicated that defendant Tony was sentenced for the crime in April 2011, in Johnston County. Defendant Edward argued that based on defendant Tony's admission of guilt, defendant Tony was disqualified from receiving the death benefits. As such, defendant Edward asked the court to award him the remaining portion of the death benefit.

On September 21, 2011, the court entered order granting plaintiff's motion for default judgment against defendant Tony and ordering that $17,500.00 of the death benefit be deposited with the Clerk of Court. The order granting plaintiff's motion for default also noted that defendants were compelled to litigate their respective claims and failure to do so would result in the court settling their claims and determining to whom the funds should be paid.

On November 2, 2011, the court entered order liberally construing defendant Edward's answer as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and set aside trial and associated deadlines to allow for the disposition of the potentially dispositive motion filed. On November 8, 2011, defendant Tony filed document styled an answer to the complaint. He represented that he is in the process of "getting his case . . . back into court" in order to prove his innocence, after which time he would make a claim for his portion of the death benefits. Defendant Edward did not respond.

North Carolina law prohibits the beneficiary of an insurance policy who kills the insured

2

Case 5:11-cv-00062-FL   Document 22   Filed 02/21/12   Page 2 of 4

from receiving benefits under the insurance policy. See N.C. Gen. Stat. §§ 31A-3, 31A-11; Quick v. United Benefit Life Ins. Co., 287 N.C. 47, 56-57, 213 S.E.2d 563, 569 (1975); see also State Farm Life Ins. Co. v. Allison, 128 N.C. App. 74, 76, 493 S.E.2d 329, 330 (1997). Whether federal law, see Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et al*, governs this action or state law, the result is the same. A slayer does not profit from his misdeeds. See Connecticut Gen. Life Ins. Co. v. Riner, 351 F.Supp.2d 492, 497 (W.D.Va. 2005); see also Mut. Life Ins. Co. v. Armstrong, 117 U.S. 591, 600 (1886) ("It would be a reproach to the jurisprudence of the country if one could recover insurance money payable on the death of the party whose life he had feloniously taken.").

The record reflects that defendant Tony has been convicted at the state trial court level of the murder of the insured, however he indicates in his filing that he plans to appeal his conviction through the state court system. Construing a *pro se* pleading liberally, as the court is required to do, the court construes defendant Tony's filing, lodged on the docket at entry 21, as an answer and a motion to stay the proceedings pending final judgment of conviction. A similar factual scenario was presented to the court in Riner, and the court granted defendant's motion to stay while he appealed his conviction. See Riner, 351 F.Supp.2d at 495. The Riner court did note, however, that after the Virginia Supreme Court affirmed the defendant's convictions, further stay of the proceedings was inappropriate and the state slayer statute could be applied. The court finds a similar course is warranted here.

Accordingly, defendant Edward's motion for judgment on the pleadings (DE # 8) is DENIED without prejudice to renewal. Defendant Tony's filing at docket entry 21 is construed as an answer as well as a motion to stay the proceedings pending final judgment of conviction, which motion is

3

GRANTED. As such, the proceedings are STAYED.

The court is mindful, however, that this litigation has been ongoing for some time with little participation from the parties. To promote the expeditious resolution of this case, defendant Tony, who has requested a stay while he appeals his conviction, is ORDERED to provide status report with the court no later than **May 16, 2012,** notifying the court of the progress of his appeal, including his case number and the name and contact information of counsel, if applicable. Should defendant Tony fail to provide said status report, the court will appropriately enter show cause order as to why judgment should not be entered sua sponte against him.

SO ORDERED this the 21st day of February, 2012.

LOUISE W. FLANAGAN
United States District Court Judge